UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MONWELL DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04368-TWP-MJD |
| | ) | |
| KEVIN BUTTS Superintendent, New Castle Correctional Facility (NCCF), | ) | |
| B. RANDLE Unit Team Manager (UTM) (NCCF), | ) | |
| R. BLAIR Former Case Work Manager (CWM) (NCCF), | ) | |
| S. MILLER Counselor / (CWM) (NCCF), | ) | |
| JOHN JEWELL Legal Library Supervisor (NCCF), | ) | |
| MARY CECIL Legal Library Supervisor, | ) | |
| LINDA VANNATTA Grievance Manager (IDOC), | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING INSUFFICIENT CLAIM**

Plaintiff Monwell Douglas is an inmate confined at the Miami Correctional Facility and is therefore a "prisoner" as defined by 28 U.S.C. § 1915(h). In a previous order, the Court dismissed one of the claims asserted in Mr. Douglas's first amended complaint because it did not state a plausible claim for relief pursuant to the screening requirement set forth at 28 U.S.C. § 1915A(b). In this order, the Court dismisses a second claim on the same basis.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as Mr. Douglas's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The first amended complaint alleges that, in April and May 2017, Mr. Douglas sought to file appeals in the Indiana Court of Appeals seeking postconviction relief. According to the first amended complaint, Defendants Blair, Jewell, Cecil, Butts, Randle, and Vannatta interfered with his efforts to file the necessary materials on time, and his claims were denied as a result.

"Prisoners have a fundamental right of access to the courts," and prison staff "may not impinge on a prisoner's efforts to pursue a legal claim attacking . . . his criminal judgment." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012). However, "to satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury." *Id.* "That is, they must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *Id.* at 661.

The first amended complaint pleads elements of an access-to-courts claim: It alleges that Mr. Douglas sought to pursue a meritorious challenge to his criminal judgment and that the defendants prevented him from doing so. But Mr. Douglas's access-to-courts claim faces an additional hurdle.

The Supreme Court has held that a state prisoner may not seek damages under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged,

invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489; *see Hill v. Murphy*, 785 F.3d 242, 248 (7th Cir. 2015). In other words, "a prisoner whose grievance implies the invalidity of ongoing custody must seek review by collateral attack (28 U.S.C. §§ 2241, 2254, or 2255, or a state-law equivalent)." *Simpson v. Nickel*, 450 F.3d 303, 306–307 (7th Cir. 2006).

To demonstrate the injury underlying his access-to-courts claim, Mr. Douglas must necessarily show that his conviction or sentence is invalid. To make that showing, he must first prevail in a habeas proceeding. The first amended complaint does not indicate that he has done so. Accordingly, Mr. Douglas's access-to-courts claim is **dismissed**.

**IT IS SO ORDERED.**

Date: 7/2/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MONWELL DOUGLAS
150812
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 W. South 250
Bunker Hill, IN 46914

3