UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MONWELL DOUGLAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04368-TWP-MJD |
| ) | |
| KEVIN BUTTS Superintendent, New Castle ) | |
| Correctional Facility (NCCF), ) | |
| B. RANDLE Unit Team Manager (UTM) ) | |
| (NCCF), ) | |
| R. BLAIR Former Case Work Manager (CWM) ) | |
| (NCCF), ) | |
| S. MILLER Counselor / (CWM) (NCCF), ) | |
| JOHN JEWELL Legal Library Supervisor ) | |
| (NCCF), ) | |
| MARY CECIL Legal Library Supervisor, ) | |
| LINDA VANNATTA Grievance Manager ) | |
| (IDOC), ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING FIRST AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Monwell Douglas is an inmate confined at the Miami Correctional Facility and is therefore a "prisoner" as defined by 28 U.S.C. § 1915(h). Consequently, this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his first amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether a complaint states a claim, the Court applies the

same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as Mr. Douglas's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The First Amended Complaint

The first amended complaint describes incidents that allegedly occurred between April 2017 and April 2018 while Mr. Douglas was confined at New Castle Correctional Facility (NCCF). All told, it asserts claims based on at least six legal theories and against nine defendants. In previous orders, the Court dismissed two of those claims because they did not state plausible claims for relief. Construing the first amended complaint liberally, the Court has identified four additional claims that may proceed. However, these claims will not proceed against all the defendants named in the first amended complaint.

**A.      Eighth Amendment Conditions-of-Confinement Claims**

The first amended complaint alleges that Defendants Randle, Lee, and Miller denied Mr. Douglas adequate access to recreation. It further alleges that Defendant Lee denied Mr. Douglas access to showers and materials necessary to clean his cell. This action shall proceed with claims that Defendants Randle, Lee, and Miller maintained inhumane conditions of confinement in violation of Mr. Douglas's Eighth Amendment rights.

### B. Equal Protection Claim Based on Racial Discrimination

The first amended complaint alleges that Defendant Miller denied Mr. Douglas access to and wages from a prison job based on his race. This action shall proceed with a claim that Defendant Miller engaged in race-based discrimination against Mr. Douglas in violation of his Fourteenth Amendment right to equal protection of the laws.

### C. Due Process Claim

The first amended complaint alleges that Defendant Miller denied Mr. Douglas access to an annual review proceeding affecting issues related to his prisoner classification and placement. This action shall proceed with a claim that Defendant Miller denied Mr. Douglas access to his annual review in violation of his Fourteenth Amendment right to due process of law.

### D. Retaliation Claims

The first amended complaint alleges that Defendants Randle, Blair, Miller, and Lee took the actions described in Parts II(A)–(D) above in retaliation for conduct protected by the First Amendment, including filing grievances and initiating litigation concerning issues related to his confinement at NCCF. This action shall proceed with claims that Defendants Randle, Blair, Miller, and Lee retaliated against Mr. Douglas in violation of his First Amendment rights.

### E. Claims Against Defendants Jewell, Cecil, Vannatta, Butts, and French

The first amended complaint does not include any allegations against Defendants Jewell, Cecil, or Vannatta beyond his access-to-courts claim. The Court dismissed this claim in a previous order. Accordingly, no claims shall proceed against Defendants Jewell, Cecil, or Vannatta.

The first amended complaint includes Defendants Butts and French in several claims, but it does not contain factual allegations that they participated personally in any of the constitutional

deprivations described above except by responding unfavorably to complaints and grievances Mr. Douglas filed.

Mr. Douglas is proceeding with a lawsuit for damages pursuant to 42 U.S.C. § 1983. "'Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation.'" *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (quoting *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010). *See also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary."). Personal involvement requires more than allegations that one prison official has reviewed a complaint describing another's misconduct and declined to take action in response. *See*, *e.g.*, *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.") The Seventh Circuit has dismissed the "contention that any public employee who knows (or should know) about a wrong must do something to fix it." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). To the contrary, "public employees are responsible for their own misdeeds but not for anyone else's." *Id.*[1]

---

[1] *See also Gevas v. Mitchell*, 492 F. App'x 654, 660 (7th Cir. 2012) ("Gevas alleges no personal involvement by the warden outside of the grievance process, and for that reason his third amended complaint . . . fails to state a claim against the warden."); *Burks*, 555 F.3d at 595 ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

4

Something more than generalized knowledge and inaction is required for personal responsibility, and that is all that the first amended complaint alleges with respect to Defendants Butts and French. The amended complaint does not allege, for example, that Defendants Butts and French were actually engaged with the incidents Mr. Douglas has described[2] or that they (rather than their subordinates) were directly responsible for the prison operations through which Mr. Douglas's rights were allegedly violated.[3] Mr. Douglas has at most alleged that he made Defendants Butts and French aware of the actions described above and that they took no action in response. Accordingly, all claims against Defendants Butts and French are dismissed.

### III. Duty to Update Address

Mr. Douglas shall report any change of address within ten (10) days of any change. The Court must be able to locate Mr. Douglas to communicate with him. If Mr. Douglas fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Summary of Claims and Issuance of Process

In sum, this action shall proceed with:

- Eighth Amendment conditions-of-confinement claims against Defendants Randle, Lee, and Miller for denying Mr. Douglas adequate recreation, showers, and cleaning materials;

---

[2] *See, e.g.*, *Haywood v. Hathaway*, 842 F.3d 1026, 1032-33 (7th Cir. 2016) (holding that the Warden could be held personally responsible for the harm caused by cold prison conditions because the evidence showed he "had actual knowledge of the unusually harsh weather conditions, that he had been apprised of the specific problem with the physical condition of [the plaintiff's] cell (i.e., the windows would not shut), and that, during the time period of [the plaintiff's] complaint, the warden toured the segregation unit himself").

[3] *Compare Haywod*, 842 F.3d 1026; *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (holding that the Warden was personally responsible for the alleged cell conditions because the Warden "not only knew about the problems but was personally responsible for changing prison policies so that they would be addressed"), *with Burks*, 555 F.3d at 595 (holding that the supervisor at issue was not personally responsible; "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care").

5

- a Fourteenth Amendment equal protection claim against Defendant Miller for denying Mr. Douglas access to and wages from a prison job based on his race;

- a Fourteenth Amendment due process claim against Defendant Miller for denying Mr. Douglas access to an annual review proceeding; and

- First Amendment claims against Defendants Randle, Blair, Miller, and Lee for retaliating against Mr. Douglas for engaging in protected activities.

This summary of claims includes all viable claims identified by the Court. If Mr. Douglas believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 30, 2018**, in which to identify those claims.

All claims against Defendants Jewell, Cecil, Vannatta, Butts, and French are **dismissed**. The **clerk is directed** to update the docket to reflect that Defendants Butts, French, Jewell, Cecil, and Vannatta are no longer parties in this action.

The clerk is **designated** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) B. Randle; (2) Sergeant Lee; (3) S. Miller; and (4) R. Blair in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the first amended complaint (dkt. 11), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order. Service shall not include the exhibits attached to the first amended complaint, dkt. 11-1. The defendants may access those documents on the Court's docket after they appear.

**IT IS SO ORDERED.**

Date: 7/2/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MONWELL DOUGLAS
150812
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 W. South 250
Bunker Hill, IN 46914

B. Randle
Team Unit Manager
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Sergeant Lee
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

S. Miller
Counselor/Casework Manager
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

R. Blair
Counselor/Casework Manager
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362